IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON  DIVISION

| | | |
|---|---|---|
| Steven C. Dolloff, | ) | C/A  2:11-0427-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Wachovia Bank, a Wells Fargo Company | ) | |
| and Suntrust Mortgage, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, asserting a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.  Plaintiff alleges the Defendants failed to send notice before or no later than thirty (30) days after negative information was furnished to a credit bureau, thereby violating the FCRA, and seeks declaratory and/or injunctive relief.

The Defendant Suntrust Mortgage filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on April 1, 2011.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 4, 2011, advising Plaintiff of the importance of a dispositive motion  and of the need for him to file an adequate response.  The Defendant Wachovia Bank[1] thereafter also filed a Rule 12 motion to dismiss on April 27, 2011, following which a second Roseboro order was entered on April 28, 2011.

Plaintiff filed a response in opposition to the Defendants' motions on May 9, 2011,

---

[1]This Defendant identifies itself in its motion as Wells Fargo Bank, NA, as successor by way of merger to Wachovia Bank, NA ("Wells Fargo").



1

following which the Defendant Suntrust Mortgage filed a reply memorandum on May 17, 2011.

Defendants' motions are now before the Court for disposition.[2]

### Discussion

Plaintiff alleges in his pro se Complaint, in toto, as follows:

> Suntrust violated the Fair Credit Reporting Act by not verifying my account within the allocated 30 days after dispute was filed with Experian Solutions. It has been verified that Suntrust reported back to Experian 37 days later. Wachovia Bank a Wells Fargo Company and Suntrust failed to send me proper notice after negative information was furnished to the credit bureaus. According to Fair Credit Reporting Act a financial institution that extends credit must send notice before or no later than 30 days after negative information is furnished to a credit bureau. Therefore all defendants have violated the Fair Credit Reporting Act.

> I would like the court to have this account removed from my credit report.

See generally, Plaintiff's Verified Complaint.

Defendants argue in their motions that Plaintiff's case should be dismissed because the FCRA does not provide a private right of action for the violations alleged, and because the FCRA does not provide for injunctive relief, among other defenses. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.  However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists.  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Title 15 U.S.C. § 1681(s)-2(a)(7) requires a furnisher of information to provide notice to a consumer within thirty (30) days of supplying negative credit information regarding the consumer to a credit reporting agency.  Plaintiff alleges that Wells Fargo (Wachovia) and Suntrust both violated this statute because they failed to send him a proper notice within thirty (30) days after negative information was furnished to a credit bureau.  Title 15 U.S.C. § 1681(s)-2(b) requires the furnisher of information to conduct an investigation and report the results of the investigation to the credit reporting agency before expiration of the thirty (30) day period under which the credit reporting itself is required to perform its own investigation,  although the furnisher's obligation to perform these actions does not arise until they receive a notice from the credit reporting agency that it has received a notice of dispute from a customer.  15 U.S.C. § 1681i(a)(2).  Plaintiff alleges that Suntrust failed to verify his account within thirty (30) days after Plaintiff disputed the reported information.

After careful review of the arguments and precedents cited by the parties, the undersigned is constrained to agree with the Defendants that they are entitled to dismissal of Plaintiff's claims asserted under these statutes.  First, there is no private right of action against a furnisher of information for any alleged violation of 15 U.S.C. § 1681(s)-2(a).  See Saunders v. Branch Banking and Trust Co., 526 F.3d 142, 149 (4th Cir. 2008)["FCRA explicitly bars private



suits for violations of § 1681(s)-2(a)"]; Beattie v. Nations Credit Fin. Servs. Corp., 65 Fed.Appx. 893, 897 (4th Cir. 2003). Therefore, Plaintiff may not pursue a claim in this Court against either named Defendant under § 1681(s)-2(a). With respect to Plaintiff's claim under § 1681(s)-2(b), while a private cause of action is allowed under that statute, a private party is not entitled to bring an action for injunctive or declaratory relief under the FCRA. See Kimbrell v. Beneficial South Carolina, Inc., et al., No. 2:07-3922, at Docket entry no. 89 (D.S.C. July 28, 2008)[Finding that private litigants are not authorized to seek injunctive relief under the FCRA]; see also Mangio v. Equifax, Inc., 887 F.Supp. 283, 284-285 (S.D.Fl. 1995)[same]; Bumgardner v. Lite Cellular, Inc., 996 F.Supp. 525, 527 (E.D.Va. 1998)[Finding that Congress clearly did not intend to include injunctive relief as a potential remedy to private litigants under the FCRA]. Plaintiff seeks only injunctive relief in this action.

## Conclusion

Although both of these defenses were fully argued and briefed in Defendants' motions, Plaintiff failed to address either of these defenses and grounds for dismissal of his case in the response he filed to the Defendants' motions. Therefore, based on the foregoing, it is recommended that the Defendants' motions to dismiss be **granted,** and that this case be **dismissed** with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 7, 2011
Charleston, South Carolina

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

