IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven C. Dolloff, ) | |
| ) | C/A No. 2:11-0427-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Wachovia Bank, a Wells Fargo Company; ) | |
| and Suntrust Mortgage, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Steven C. Dolloff, proceeding pro se, filed the within action on February 22, 2011, alleging that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. by failing to send notice before or no later than thirty days after negative information was furnished to a credit bureau. Plaintiff seeks declaratory and/or injunctive relief.

This matter is before the court on motion to dismiss filed by Defendant Suntrust Mortgage on April 1, 2011. On April 4, 2011, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences of failing to respond adequately. Also before the court is a motion to dismiss filed by Defendant Wachovia Bank on April 27, 2011. A second Roseboro order was issued on April 28, 2011. Plaintiff filed a response in opposition to Defendants' motions on May 9, 2011. Defendant Suntrust Mortgage filed a reply on May 17, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge issued a Report and Recommendation on June 7, 2011 in which he recommended that Defendants' motions to dismiss be granted because (1) there is no private right of action against a

furnisher of information for any alleged violation of 15 U.S.C. § 1681(s)-2(a). , and (2) § 1681(s)-2(b) does not include injunctive relief as a potential remedy to private litigants. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motions to dismiss (ECF Nos. 11, 18) are **granted** and the case dismissed, with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 29, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**